UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JEFFERY MAUNG,                                               :
                                                             :
                              Plaintiff,                     :     Case No.: 18-cv-10141 (CM) (OTW)
                                                             :
              - against –                                    :
                                                             :
                                                             :
                                                             :
                                                             :
PARADIGM DKD GROUP, LLC,                                     :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ x

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500

*Attorneys for Defendant*

Of Counsel:
    Joseph B. Cartafalsa
    Jamie Haar

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ....................................... 1

PROCEDURAL HISTORY........................................................................................................... 1

PLAINTIFF'S ALLEGATIONS .................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

   A.  STANDARD FOR PARTIAL SUMMARY JUDGMENT ................................................ 2

   B.  PLAINTIFF CANNOT SUSTAIN CLAIMS FOR LIQUIDATED
      DAMAGES AND ATTORNEY'S FEES............................................................................ 3

      1.  The New York Labor Law Does Not Recognize Claims for Unpaid Commission .......... 3

      2.  Plaintiff Cannot Recover Liquidated Damages and Attorney's Fees
         On a Claim for Breach of Contract ..................................................................................... 6

CONCLUSION.............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. Coughlin*,
    64 F.3d 77 (2d Cir. 1995) ................................................................................................... 3

*Davis v. State of New York*,
    316 F.3d 93 (2d Cir. 2002) ................................................................................................. 3

*F.D.I.C. v. Great American Ins. Co.*,
    607 F.3d 288 (2d Cir. 2010) ............................................................................................... 3

*Flug v. Carag*,
    No. 93 CIV. 1591 (LAP), 1995 WL 567431 (S.D.N.Y. Sept. 25, 1995) ......................... 2, 3

*Gold v. Am. Med. Alert Corp.*,
    2015 WL 4887525 (S.D.N.Y. Aug. 17, 2015) ............................................................ 4, 5, 6

*Gottlieb v. Kenneth D. Laub & Co., Inc.*,
    82 N.Y.2d 457, 605 N.Y.S.2d 213 (1993) .......................................................................... 5

*Iqbal v. Teva Pharm. USA, Inc.*,
    No. 16 .................................................................................................................................. 6

*Jara v. Strong Steel Door, Inc.*,
    20 Misc. 3d 1135(A), 872 N.Y.S.2d 691 (Sup. Kings Cnty. Aug. 15, 2008) ..................... 5

*O'Grady v. BlueCrest Capital Mgmt. LLP*,
    111 F. Supp. 3d 494 (S.D.N.Y. 2015), *aff'd*, 646 F. App'x 2 (2d Cir. 2016) .................... 4

*Parker v. Revlon, Inc.*,
    211 A.D.2d 415, 621 N.Y.S.2d 306 (1st Dep't 1995) ........................................................ 6

*Perez-White v. Advanced Dermatology of New York P.C.*,
    No. 15 CIV. 4858 (PGG), 2016 WL 4681221 (S.D.N.Y. Sept. 7, 2016) ........................... 5

*Slotnick v. RBL Agency Ltd.*,
    271 A.D.2d 365-366, 706 N.Y.S.2d 431 (1st Dep't 2000) ................................................. 6

*Strohl v. Brite Adventure Ctr., Inc.*,
    2009 WL 2824585 (E.D.N.Y. Aug. 28, 2009) .................................................................... 4

**Statutes**

New York Labor Law Article 6 ................................................................................................ 5, 6

New York Labor Law § 190 ........................................................................................................ 5

New York Labor Law § 190(2) ................................................................................................... 2

New York Labor Law § 191 ........................................................................................................ 5

New York Labor Law § 193 .................................................................................................... 4, 5

New York Labor Law § 198(1-a) ............................................................................................ 2, 6

**PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT**

Defendant Paradigm DKD Group, LLC ("Defendant") respectfully submits this memorandum of law in support of its motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment dismissing those portions of Plaintiff's Second Amended Complaint (the "Complaint") seeking liquidated damages and attorney's fees.

The New York Labor Law's ("NYLL") provisions of attorneys' fees and liquidated damage (NYLL § 198) applies only to certain substantive violations, and does not provide a recovery of attorneys' fees or liquidated damages based on claims that commissions (in whole or in part) were not paid.

**PROCEDURAL HISTORY**

On or about November 1, 2018, Plaintiff Jeffery Maung ("Plaintiff") filed a complaint against Defendant in the Southern District of New York. (Dkt. 1, 4, 6.) On his civil cover sheet, Plaintiff indicated that the nature of the suit is "Other Contract." (Dkt. 2.) On or about January 24, 2019, Plaintiff filed an amended complaint. (Dkt. 19-20.) On or about March 20, 2019, Plaintiff filed his second amended complaint. (Dkt. 24.)

On August 27, 2019, Defendant filed a pre-motion conference letter requesting a pre-motion conference and/or approval to file a motion for partial summary judgment dismissing those portions of the Complaint seeking liquidated damages and attorney's fees. (Dkt. 54). On September 4, 2019, the Court granted Defendant's application and so ordered the parties' briefing schedule. (Dkt. 55.)

**PLAINTIFF'S ALLEGATIONS**

In the Complaint, Plaintiff alleges that he was employed by Defendant as Northeast Regional Director pursuant to an employment agreement dated May 10, 2016 until his termination on September 19, 2018. (*See* Dkt. 24, ¶ 6.) Defendant paid Plaintiff an annualized base salary of

1

at least $230,000, gross. (*See* Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("Def. 56.1. Statement"), ¶ 1.) Plaintiff alleges that pursuant to the agreement, he is entitled to a 10% commission on revenues collected by Defendant on business generated by him – a "10% commission on all new collected revenue that [plaintiff] sells[s]." (*See* Dkt. 24, ¶ 8.) Plaintiff claims that during 2016, 2017, and 2018, he generated revenues for Defendant from over twenty (20) clients. (*See* Dkt. 24, ¶ 10.) Plaintiff alleges that on revenues generated and collected by Defendant, he was never paid those commissions. (*See* Dkt. 24, ¶ 11.) As such, Plaintiff alleges that Defendant breached the agreement by failing to pay the commissions to him. (*See* Dkt. 24, ¶¶ 12-13.) Plaintiff alleges upon information and belief that the commissions owed to him total at least $95,581.35. (*See* Dkt. 24, ¶ 14.) Additionally, Plaintiff claims that the commissions owed to him "are 'wages' within the meaning of the New York Labor Law § 190(2)" and that "[a]ccordingly, pursuant to Labor Law § 198(1-a), plaintiff is also entitled to recovery of his attorney's fees and liquidated damages equal to the unpaid commissions." (Dkt. 24, ¶ 15. *See also* Dkt. 24 at "Wherefore" paragraph.) Plaintiff does not allege that Defendant failed to pay him any portion of his base salary. (Def. 56.1 Statement, ¶ 2.)

## ARGUMENT

### A. STANDARD FOR PARTIAL SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted where the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Partial summary judgment motions may be issued with respect to one of several claims. *Flug v. Carag*, No. 93 CIV. 1591 (LAP), 1995 WL 567431, at *3 (S.D.N.Y. Sept. 25,

1995). On a motion for partial summary judgment, courts apply the same standard applied in motions for full summary judgment. *Id.*

The moving party holds the initial burden of demonstrating that there is no genuine issue of material fact. *F.D.I.C. v. Great American Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010). When the moving party has met this initial burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial, and cannot rest on mere allegations or denials of the facts asserted by the movant. *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002). The court must "view the evidence in the light most favorable to the non-moving party, and may grant summary judgment only when no reasonable trier of fact could find in favor of the non-moving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).

Based upon these statutory and judicial requirements, partial summary judgment must be granted as Plaintiff seeks relief which he is simply not entitled to, and there is no genuine issue of material fact.

### B. PLAINTIFF CANNOT SUSTAIN CLAIMS FOR LIQUIDATED DAMAGES AND ATTORNEY'S FEES

Plaintiff claims that the alleged unpaid commissions are "wages" as defined under the NYLL and therefore, he is entitled to liquidated damages and attorney's fees under NYLL § 198. Plaintiff's claims for liquidated damages and attorney's fees fail because the NYLL does not provide a cause of action or remedy for unpaid commissions.

#### 1. The New York Labor Law Does Not Recognize Claims for Unpaid Commission

Plaintiff cannot sustain his claim for unpaid commission under the NYLL because the NYLL does not provide a cause of action or remedy for a mere failure to pay commissions where wages/salary were otherwise paid.

Indeed, to the extent Plaintiff attempts to convert failure to pay commission into a "deduction" from commission under NYLL § 193, courts in the Second Circuit have repeatedly rejected such attempts. Section 193 of the NYLL generally prohibits an employer from making deductions (or withholdings) from an employee's wages that are not authorized by law or authorized by the employee for certain payments made for the employee's benefit. NYLL § 193. It is well-settled that NYLL § 193's prohibition of certain deductions from wages does not extend to a failure to pay wages/commissions. *See, e.g.*, *Gold v. Am. Med. Alert Corp.*, 2015 WL 4887525, at *3 (S.D.N.Y. Aug. 17, 2015) (collecting cases); *O'Grady v. BlueCrest Capital Mgmt. LLP*, 111 F. Supp. 3d 494, 506 (S.D.N.Y. 2015), *aff'd*, 646 F. App'x 2 (2d Cir. 2016) ("[Plaintiff's] section 193 claim fails because section 193 applies to amounts *deducted* from wages, not *unpaid* wages and severance, which is alleged here" (emphasis in original)); *Strohl v. Brite Adventure Ctr., Inc.*, 2009 WL 2824585, at *9 (E.D.N.Y. Aug. 28, 2009) (holding that employee's section 193 claim failed because employer "did not 'deduct' any amounts from her wages, but simply failed to pay her all the wages she had earned").

In *Gold*, plaintiff sued his former employer for failing to pay him his salary and provide him benefits pursuant to his employment agreement under NYLL § 193. *See Gold*, 2015 WL 4887525, at *1-*2. In his complaint, plaintiff alleged that the amounts due to him were wages and were wrongfully withheld, entitling him to liquidated damages as well as attorney's fees under Section 198 of the NYLL. *Id.* at *2. In holding that plaintiff was not entitled to relief under NYLL § 198, the court held that plaintiff had not plead "any deduction' from wages because the deduction plaintiff claims [was] merely the total withholding of wages, which [was] the essence of [a] breach of contract claim." *Id.* ("Section 193 requires something more: a specific instance of docking the employee's pay.") Indeed, the court rejected a broad reading of § 193 of the NYLL proffered by

4

plaintiff explaining that "deductions" are better understood as, and are limited to, things like fines or other forms of pay docking. This list of authorized deductions in Section 193 itself offers further support for that reading, as each permissible deduction is for a discrete purpose such as payment for insurance premiums, gym membership, tuition, and day care. *See* § 193 (b)(i) – (xiv). These exceptions suggest that a "deduction" is more targeted and direct than the wholesale withholding at issue here. *Gold*, 2015 WL 4887525, at *5. As such, the court in *Gold* joined other courts in the Second Circuit that had concluded that a § 193 claim requires a specific deduction of wages, and does not provide relief for a wholesale withholding of commissions, severance or any wages.

Plaintiff does not fare any better under the other sections of the NYLL. *See Perez-White v. Advanced Dermatology of New York P.C.*, No. 15 CIV. 4858 (PGG), 2016 WL 4681221, at *11 (S.D.N.Y. Sept. 7, 2016) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 545 (2d Cir. 2010) ("Labor Law § 191 by its terms only involves the timeliness of wage payments, and does not appear to afford to plaintiffs any substantive entitlement to a *particular* wage.") (emphasis in original)); *Gold*, 2015 WL 4887525, at *4 (stating in dicta that § 191 of the NYLL sets the frequency of payments); *Gottlieb v. Kenneth D. Laub & Co., Inc.*, 82 N.Y.2d 457, 463, 605 N.Y.S.2d 213, 216-17 (1993) (holding that NYLL § 198 simply provides remedies for substantive violations of the other sections of Article 6); *Jara v. Strong Steel Door, Inc.*, 20 Misc. 3d 1135(A), 872 N.Y.S.2d 691 (Sup. Kings Cnty. Aug. 15, 2008) ("Labor Law § 190 is not a substantive provision pursuant to which a claim may be made, but rather, defines the terms used throughout Labor Law Article 6.").

As Plaintiff has not and cannot state a cognizable claim for unpaid commission under the NYLL, he is not entitled to liquidated damages and attorney's fees under § 198, and the Court should grant summary judgment on such claims.

## 2. Plaintiff Cannot Recover Liquidated Damages and Attorney's Fees On a Claim for Breach of Contract

Similarly, to the extent Plaintiff is alleging breach of contract, he is not entitled to liquidated damages and attorney's fees under that cause of action. "It is settled that section 198 [of the NYLL] does not 'permit recovery … on a common-law contractual remuneration claim' as the recovery of attorney's fees and liquidated damages is 'limited to actions for wage claims founded on the substantive provisions of Labor Law article 6." *Gold*, 2015 WL 4887525, at *2, *5; *Iqbal v. Teva Pharm. USA, Inc.*, No. 16 CV 3464 (VB), 2017 WL 6729190, at *8 (S.D.N.Y. Dec. 28, 2017), *aff'd*, 753 F. App'x 50 (2d Cir. 2018); *Slotnick v. RBL Agency Ltd.*, 271 A.D.2d 365-366, 706 N.Y.S.2d 431 (1st Dep't 2000). Nothing in the NYLL "suggests that it was intended to provide any remedy whatsoever for the successful prosecution of a common-law civil action for contractually due remuneration. *See Parker v. Revlon, Inc.*, 211 A.D.2d 415, 416, 621 N.Y.S.2d 306 (1st Dep't 1995).

In *Slotnick*, the plaintiff, like Plaintiff here, sued her former employer for unpaid commissions asserting a breach of contract claim along with a claim for liquidated damages and attorney's fees under § 198(1-a). 271 A.D.2d at 365. After a nonjury trial, the court awarded the plaintiff unpaid monies along with liquidated damages and attorney's fees. *See id.* The First Department reversed on appeal, noting that § 198 "provides only a damage remedy for substantive violations of Article 6 of the Labor Law and depends upon pleading and proof of such substantive violation." *Id.* at 365-366 (citing *Gottlieb*, 82 N.Y.2d at 464-465). Because the plaintiff did not assert a substantive claim under Article 6 of the Labor Law, but merely a breach of contract claim, "the judgment should not have included those damages."[1] *See id.* at 366.

---

[1] Even if Plaintiff could assert a viable claim under § 198(a-1), such claim would be derivative of his breach of contract claim.

In sum, even, if *arguendo*, Defendant failed to pay Plaintiff commissions, such a failure is simply not in violation of the NYLL, and is not a violation covered by § 198, and therefore Plaintiff is not entitled to liquidated damages and attorney's fees.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that this Court grant its motion for partial summary judgment, dismissing Plaintiff's claims for liquidated damages and attorneys' fees, and provide such other and further relief as it deems appropriate.[2]

Dated: New York, New York
September 6, 2019

                                                 Respectfully submitted,

                                                 OGLETREE, DEAKINS, NASH,
                                                  SMOAK & STEWART, P.C.

                                               /s/ Joseph B. Cartafalsa_____
                                                  Joseph B. Cartafalsa
                                                  Jamie Haar
                                               599 Lexington Avenue, 17th Floor
                                               New York, New York 10022
                                               212.492.2500
                                               joseph.cartafalsa@ogletree.com
                                               jamie.haar@ogletree.com

                                               *Attorneys for Defendant,*
                                               *Paradigm DKD Group, LLC*

                                                                   39874733.1

---

[2] Defendant reserves all rights, including the right to move on the pleadings or for full summary judgment at the completion of discovery.