**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
JEFFERY MAUNG,

                Plaintiff,                        18-CV-10141 (OTW)

       -against-                     **OPINION AND ORDER**

PARADIGM DKD GROUP, L.L.C.,

                Defendant.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Jeffery Maung brings this diversity action against his former employer, Paradigm DKD Group ("Paradigm"), alleging that Paradigm breached his employment agreement by failing to pay "a 10% commission on all the revenues that defendant has collected from the Clients during 2016, 2017 and 2018 on business 'sold' by plaintiff." (*See* ECF 24 ¶ 13). Plaintiff's second cause of action also seeks a declaratory judgment that he is entitled to the same "10% commission" on all revenues collected "in the future" by Paradigm, "on business 'sold' by [P]laintiff." (*Id*. ¶ 18). His first cause of action seeks attorney's fees and liquidated damages "pursuant to [New York] Labor Law [§]198(1-a)" equal to the unpaid commissions. (*Id*. ¶ 15). Plaintiff does not bring a substantive New York Labor Law ("NYLL") claim.

Defendant now moves for partial summary judgment asserting that Plaintiff is not entitled to liquidated damages and attorney's fees under the NYLL because (1) the unpaid commissions are not "wages" as defined by NYLL, and (2) NYLL § 198 only provides for liquidated damages and attorneys' fees for substantive violations of the NYLL. The parties have

consented to decision of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). As discussed below, Plaintiff did not plead a substantive NYLL claim. Accordingly, Defendant's motion for partial summary judgement is **GRANTED.**[1]

I.     **The Parties' Compliance With Local Civil Rule 56.1**

Local Civil Rule 56.1 requires that a moving party file "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). The party opposing the motion is to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts."  Local Civil Rule 56.1(b). "Each statement by the movant or opponent . . . including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible." Local Civil Rule. 56.1(d). The purpose of these rules is "to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

Here, the parties have streamlined a bit too much. Defendant submitted a 56.1 Statement consisting of two sentences stating Plaintiff's base salary and pointing out that "[t]he Second Amended Complaint does not allege that Defendant failed to pay any portion of

---

[1] Plaintiff did not properly file a cross-motion for summary judgment, but stated, in his opposition brief, that "partial summary judgment should be awarded to Maung, declaring that if he prevails in this action, he is entitled to the remedies available under Labor law § 198(1-a)." (ECF 62 at 5). Despite this, even if he did properly file a cross-motion for summary judgment on these grounds, it would be denied for the same reasons below.

Plaintiff's base salary." (ECF 56-1 ¶¶ 1-2). Plaintiff did not submit a competing 56.1 statement, but requested the Court award him partial summary judgment, "declaring that if he prevails in this action, he is entitled to the remedies available under Labor Law § 198(1-a). (ECF 62 at 13). Neither party cites to or attaches any evidence.

II.     **Discussion**

   A. **Summary Judgment Standard**

Summary judgment is proper "only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Urbont v. Sony Music Entm't*, 831 F.3d 80, 88 (2d Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party must respond to the adverse party's pleading with "specific facts showing that there is a genuine issue for trial." *Ricci v. Stefano*, 557 U.S. 557, 586 (2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). An issue of fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"When deciding a summary judgment motion, a court must construe all the evidence in the light most favorable to the nonmoving party . . . and draw all inferences and resolve all ambiguities in that party's favor." *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008). A motion for summary judgment prevails "'[o]nly when no reasonable trier of fact could find in favor of the nonmoving party . . . .'" *White v. ABCO Engineering Corp.*, 221 F.3d 293, 300 (2d Cir. 2000) (quoting *Taggart v. Time Inc.*, 924 F.2d 43, 46 (2d Cir. 1991)). The nonmoving party must advance more than mere "conclusory statements, conjecture, or speculation" to

successfully defeat a motion for summary judgment. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996); *see also Anderson*, 477 U.S. at 249–50 ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted)).

"The same standard[s] appl[y] where, as here, the parties filed cross-motions for summary judgment . . . ." *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). "[W]hen both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party. Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Id.* (internal citations omitted); *accord Mindspirit, LLC v. Evalueserve Ltd.*, 15-CV-6065 (PGG), 2018 WL 4759736, at *13 (S.D.N.Y. Sept. 30, 2018).

Fortunately, the legal issue here is simple and does not involve any disputed facts: whether a plaintiff is entitled to remedies under NYLL § 198(1-a) – namely, liquidated damages and attorneys' fees – where he has not pleaded a substantive NYLL claim.

B.  **NYLL § 198(1-a)**

Plaintiff is correct that in a diversity action, a federal court must apply New York substantive law, "and follow the law as enunciated by the New York State Court of Appeals, the highest court of New York State." (ECF 62 at 6). The Court of Appeals held, in 1993, that "the plain language, legislative history and purpose of [NYLL] section 198(1-a) all indicate that the intent of the statute is that the attorney's fees remedy provided therein is limited to wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6." *Gottlieb v. Kenneth D. Laub & Co., Inc.*, 82 N.Y.2d 457, 459 (N.Y. 1993).

4

Curiously, Plaintiff does not address the applicability of *Gottlieb* in his opposition brief; instead, he claims that Plaintiff's alleged unpaid commissions constitute "wages" within the meaning of NYLL § 190(1), and thus *if* he ultimately prevails on his breach of contract claim, he would be entitled to liquidated damages and attorney's fees under NYLL § 198. *See Ryan v. Kellogg Partners Inst. Servs.*, 19 N.Y.3d 1 (N.Y. 2012). *Ryan* is simply inapplicable to this case, however; *Ryan* concerned whether, after prevailing at a jury trial on a NYLL claim for failure to pay back-wages, a vested, guaranteed and non-discretionary bonus constituted "wages" under NYLL § 190(1). *Id*.

Here, the Second Amended Complaint does not plead a substantive NYLL claim. Indeed, the first time Plaintiff asserts a violation of NYLL § 193 is in his opposition to Defendant's motion for summary judgment. (ECF 62 at 11). Courts in this Circuit have recognized that, under *Gottlieb*, failure to plead a violation of the substantive provisions of NYLL Article 6 (i.e., § 193) is fatal to a claim for attorney's fees and liquidated damages under § 198. *See, e.g., Iqbal v. Teva Pharmaceuticals USA, Inc.*, No. 16-CV-3464 (VB), 2017 WL 6729190, at *8, (S.D.N.Y. Dec. 27, 2017). Accordingly, Defendant's motion for partial summary judgment, limited to a claim under NYLL § 198 for attorney's fees and liquidated damages, is **GRANTED**.

### III.     Conclusion

Under *Gottlieb*, Plaintiff's failure to plead a substantive violation of Article 6 of the New York Labor Law prevents Plaintiff from recovering liquidated damages and attorney's fees. For this and the foregoing reasons, Defendant's motion for partial summary judgment is **GRANTED**.

If Plaintiff seeks to amend the complaint for a third time to add a claim under NYLL § 193, he is directed first to meet and confer with Defendant, and then to submit a letter for a

pre-motion conference no later than **May 15, 2020**. If Plaintiff intends to proceed on the Second Amended Complaint, the parties shall submit a joint status letter on the status of discovery on May 15, 2020. If the parties are interested in reopening settlement discussions, (ECF 79), they should state how they intend to proceed in the joint status letter.

        **SO ORDERED.**

_s/ Ona T. Wang_

Dated: April 17, 2020.          **Ona T. Wang**
   New York, New York        United States Magistrate Judge